UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE GRAMLEY,

    Plaintiff,

v.                                                    Case No:       8:15-cv-1041-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Denise Gramley, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

Plaintiff filed applications for DIB and SSI on December 30, 2011, alleging disability beginning July 30, 2010 (Tr. 179-92, 201). Plaintiff later amended her alleged onset date to April 15, 2012. (Tr. 29). Plaintiff's applications were denied initially on May 9, 2012, and upon reconsideration on June 11, 2012. (Tr. 105-09, 111-16, 120-24, 126-30). Plaintiff requested a hearing and, on October 30, 2013, a hearing was held before Administrative Law Judge Arline Colon. (Tr. 25-60). On December 11, 2013, the ALJ entered her decision finding that Plaintiff was not disabled. (Tr. 9-24). Plaintiff requested review of the hearing decision and, on February 27, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). Accordingly, the ALJ's decision became the Commissioner's final decision. Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 30, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2012, the alleged onset date. (Tr. 14). At step two, the ALJ found that Plaintiff has the following severe impairments: asthma, chronic obstructive pulmonary disease (COPD), and disorders of the spine. (Tr. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 15).

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions:  The claimant can occasionally kneel, crouch, crawl, stoop, balance, and climb ramps, stairs, ladders, ropes and scaffolds.  She can occasionally reach overhead.  The claimant should avoid concentrated exposure to dust, fumes, and gases." (Tr. 15).  At step four, based on the testimony of the VE who testified at the hearing, the ALJ found that Plaintiff is able to perform her past relevant work as a cashier, deli clerk, and loan clerk as actually and generally performed.  (Tr. 19).  The ALJ did not proceed to the fifth step, concluding that Plaintiff was not under a disability from April 15, 2012, through the date of the ALJ's decision, December 11, 2013.  (Tr. 19).

**II.    Analysis**

On appeal, Plaintiff argues that the ALJ erred in the weight he assigned to the opinions of Plaintiff's treating specialist, Ashraf Ragab, M.D., and chiropractor, Todd Cielo, D.C. Specifically, Plaintiff contends that the ALJ failed to provide good, specific, supported reasons for discounting the opinions of Dr. Ragab and Dr. Cielo.  (Doc. 16 p. 12).  In response, Defendant argues that the ALJ properly discounted the opinions of Dr. Ragab and Dr. Cielo, and the ALJ's finding was supported by substantial evidence.  (Doc. 19 p. 5-15).  The Court will analyze the ALJ's treatment of the opinions of Dr. Ragab and Dr. Cielo separately.

**a)  Dr. Ragab**

The record shows that on April 29, 2013, Plaintiff presented to Dr. Ragab with complaints of worsening pain since her car accident a year earlier.  (Tr. 542).  Plaintiff indicated that physical therapy had only worsened her pain, so she was only receiving massage therapy.  (Tr. 542).  On examination Dr. Ragab noted tenderness and muscle spasms of the bilateral trapezii, restricted

lateral flexion and rotation bilaterally, diffuse tenderness along the lumbar spine midline bilaterally, and diminished sensation of the bilateral forearms and thighs. (Tr. 543). Dr. Ragab's findings related to Plaintiff's thoracic and lumbar spine were normal, including full range of motion, no muscle spasm, full, muscle strength, normal tone, and no instability. (Tr. 543). Plaintiff had some diminished light touch perception in her forearms and thighs, but Dr. Ragab found intact motor and normal sensation in the shoulder girdle and arms; normal range of motion, muscle strength and tone, and stability in the wrists and hands; and normal knee, lower leg, ankle, and foot findings, including normal range of motion, muscle strength, tone, and stability. (Tr. 543). Dr. Ragab's impression was that Plaintiff had severe neck pain as the result of an automobile accident, a significant anterolisthesis of C6 on C7, evidence of spinal listhesis at L4-5 along with stenosis at L5-S1, as well as a significant amount of fluid within the L4-5 facet joints. (Tr. 544). Dr. Ragab's findings were largely the same during a follow up visit on May 15, 2013. (Tr. 539-41).

Dr. Ragab completed a Physical Residual Functional Capacity Questionnaire on November 20, 2013. (Tr. 658-62). He indicated that Plaintiff could walk one city block without rest or severe pain, could sit for ten minutes at a time and for a total of less than two hours in an eight-hour day, stand for five minutes at a time and for a total of less than two hours in an eight-hour day, and could rarely lift less than ten pounds. (Tr. 659-60). Dr. Ragab opined Plaintiff would need to walk around every ten minutes for five minutes at a time; needed a job that permitted her to shift positions at will from sitting, standing, or walking; needed to take unscheduled breaks of five to ten minutes during an eight-hour workday; needed to elevate her legs for five to ten minutes each hour; could never perform postural activities such as looking down, stooping, twisting, and climbing stairs. (Tr. 661). Dr. Ragab further indicated Plaintiff would occasionally experience pain or other symptoms severe enough to interfere with the attention and concentration needed to

perform even simple work tasks, was incapable of even "low stress" jobs, and would miss more than four days of work per month due to her impairments or treatment. (Tr. 659-61).

In her decision, the ALJ addressed Dr. Ragab's opinion as follows:

> The claimant's treating physician Dr. Ashraf Ragab submitted a Physical Residual Functional Capacity Questionnaire (Exhibit 17F). Dr. Ragab opined that the claimant could sit, stand and walk for less than two hours in an eight hour day and rarely lift less than 10 pounds. This opinion is given little weight because it is inconsistent with the medical evidence of record. Due to Dr. Ragab's treating relationship with the claimant, the doctor may be overly sympathetic to the claimant's subjective complaints. Further, the claimant has undergone diagnostic imaging scans and examination which revealed only mild to moderate conditions (Exhibits 4F/6; 8F/8-10; 9F/24 & 13F/2).

(Tr. 17).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported

a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id*.

Here, the Court finds that the ALJ failed to show good cause for discounting the opinion of Dr. Ragab. While the ALJ explained that she discounted Dr. Ragab's opinion on the basis that it was inconsistent with the medical evidence of record, the ALJ did not specifically articulate evidence contrary to Dr. Ragab's opinion. "[C]onclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion." *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012). The record shows that Plaintiff's examinations have shown restricted thoracic, lumbar, and cervical ranges of motion, diffuse tenderness and muscle spasms, positive straight leg raise test bilaterally, weakness of the bilateral arms, and diminished sensation to light touch of the bilateral forearms and thighs. (Tr. 334, 347-48, 403, 412-13, 415-20, 423, 426, 540, 543, 582-83, 608, 613, 618, 623, 627, 631, 635, 639, 642, 646, 650, 652, 654). Imaging studies have shown degenerative changes of the bilateral sacroiliac and hip joints and cervical, lumbar, and thoracic spine; the extent of the degeneration is most severe at L4-5, where an August 2010 study showed a right lateral foraminal disc protrusion and foraminal narrowing encroaching upon the right L4 nerve root, and L5-S1, where a June 2012 study showed advanced flattening with some contour lobulation at the endplates. (Tr. 319, 321-22, 334, 406, 479-81, 519).

Furthermore, the ALJ's statement that Dr. Ragab "may be overly sympathetic to the claimant's subjective complaints" constitutes improper speculation. *See Shuren v. Comm'r of Soc. Sec.*, 2012 WL 4194665, at *10 (M.D. Fla. Sept. 19, 2012) ("In regard to the ALJ's musings about an inherent possibility for sympathy bias in the doctor-patient relationship, that notion is sheer

speculation and is contrary to well-established law requiring that a treating physician's opinion be given substantial weight absent clearly articulated good cause for a contrary finding."). Finally, the ALJ's assertion that the evidence showed "only mild to moderate conditions" is nothing more than a lay interpretation of the evidence. As Plaintiff notes, no treating or examining source characterized the objective finding as such.

In sum, the ALJ erred by failing to provide good cause for discounting the opinion of Dr. Ragab. Upon remand, the ALJ is directed to reconsider Dr. Ragab's opinion. If the ALJ determines that his opinion is entitled to little weight, the ALJ shall specifically articulate her reasons for her decision.

### b) Dr. Cielo

The record shows that Dr. Cielo completed a Physical Residual Functional Capacity Questionnaire on December 3, 2013. (Tr. 663-67). Dr. Cielo assigned functional limitations similar to Dr. Ragab's, stating that Plaintiff can walk 1 or 2 blocks, sit 20 minutes, and stand 30 minutes at a time. (Tr. 664). She can occasionally lift/carry 10 pounds, frequently lift/carry less than 10 pounds, sit, stand, and walk about 2 hours each during an 8 hour workday. (Tr. 665). He also agreed with Dr. Ragab that she requires daily unscheduled breaks and at will positional changes between sitting, standing or walking. (Tr. 665). Dr. Cielo further opined that Plaintiff should elevate her legs to hip level 10-15% of the day and use a cane or other assistive device when engaged in occasional standing or walking. (Tr. 665). Plaintiff can never climb ladders or stairs, rarely look up, twist, stoop, and crouch/squat, and occasionally look down, turn her head to the side, and hold her head in a static position. (Tr. 666). She can use her hands for grasping 15-20% of the day and her fingers for fine manipulation 5% of the day, but cannot reach with either arm. (Tr. 666). Dr. Cielo agreed with Dr. Ragab that Ms. Gramley's symptoms are likely to

produce good and bad days, and that she is likely to be absent from work more than 4 days a month. (Tr. 666).

In her decision, the ALJ addressed the opinion of Dr. Cielo as follows: "Subsequent to the hearing, the claimant submitted a medical source statement from Todd Cielo, D.C. (Exhibit 18F). The undersigned has considered this statement pursuant to SSR 06-03p. It is given limited weight for similar reasons given to Dr. Ragab's opinion." (Tr. 17).

As a chiropractor, Dr. Cielo was not an acceptable medical source and his opinion could not establish the existence of an impairment. *See* 20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1). Because Dr. Cielo was not an acceptable medical source, his opinion was not entitled to any special significant or consideration. *See* 20 C.F.R §§ 404.1527(a)(2), 416.927(a)(2). Thus, unlike with the opinion of Dr. Ragab, Dr. Cielo's opinion was entitled to no deference and the ALJ was not required to show good cause to discount it. *See Miles v. Soc. Sec. Admin., Comm'r*, 2012 WL 851755, at *2 (11th Cir. Mar. 15, 2012) (providing that "an ALJ has no duty to give significant or controlling weight to a chiropractor's view because . . . a chiropractor is not a 'medical source' who can offer medical opinions."). Accordingly, the Court finds no error in the ALJ's treatment of Dr. Cielo's opinion.

### III.  Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

- 11 -

Copies furnished to:

Counsel of Record
Unrepresented Parties